UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JSW DIVERSIFIED, L.L.C.,**

   *Plaintiff*,

**v.**                                                      **Case No. SA-22-CV-0196-JKP**

**ATMA ENERGY, LLC, and**
**SUPRATIM SRINIVASAN,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court are *Defendant Supratim Srinivasan's Partial Motion to Dismiss Pursuant to [Fed. R. Civ. P.] 12(b)(6)* (ECF No. 3) and *JSW Diversified, LLC's Response to the Court's Order to Show Cause as to Jurisdiction* (ECF No. 8). When a jurisdictional issue is presented, "the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (addressing the presence of a non-diverse party). Accordingly, the Court first addresses the jurisdictional issue raised in the Court's show cause order.

Plaintiff JSW Diversified, L.L.C. commenced this action by filing an Original Petition in the 73rd Judicial District Court of Bexar County. It asserted only state claims against the two defendants, .ATMA Energy, LLC, and Supratim Srinivasan. Defendant Srinivasan asserted counterclaims against Plaintiff and filed a Third-Party Petition against John Steve Whitaker alleging violations of federal law – namely, the Fair Labor Standards Act ("FLSA"). Contending that this Court has "original jurisdiction under 28 U.S.C. § 1331, and the action may be removed by JSW and Whitaker pursuant to 28 U.S.C. § 1441(c)(1)(A) because this is a civil action involving a claim

arising under the laws or treaties of the United States, specifically, the FLSA," Plaintiff and the Third-Party Defendant removed the action to this Court.

After removal, Defendant Srinivasan moved to dismiss the claims asserted against him, *see* ECF No. 3, and Plaintiff responded with a First Amended Complaint (ECF No. 6). This series of events caused a jurisdictional review of the case. Having conducted its "independent obligation to assess [the Court's] jurisdiction before exercising the judicial power of the United States," *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019), the Court pointed out apparent jurisdictional deficiencies and ordered Plaintiff and Whitaker (hereinafter collectively referred to as "Respondents") to show cause why the Court should not remand this case to state court. *See* ECF No. 7.

In response, Respondents argue that, "[w]hile procedural defects in the removal process allow the non-removing party to file a motion to remand the action to state court, procedural de-fects do not deprive a court of jurisdiction, and courts are not permitted to consider procedural defects in the removal process *sua sponte*." See ECF No. 8 at 1 (citing 28 U.S.C. § 1447(c); *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993); *H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F. Supp. 2d 770, 778 (W.D. Tex. 2009)). They contend that "a procedural defect in the removal process may only be raised if the non-removing party timely files a motion to remand." *See id.* at 1-2 (citing 28 U.S.C. § 1447(c); *In re Allstate Ins. Co.*, 8 F.3d at 223). They concede that "removal based on Srinivasan's counterclaim was procedurally defective," but argue that "Srini-vasan waived any procedural defects in the removal process" by not moving for remand within thirty days of the notice of removal. *See id.* at 2.

In general, the Court does not disagree with the legal principles cited by Respondents. But they are flatly wrong in characterizing a jurisdictional defect as a mere procedural defect that is subject to waiver. As the Court previously informed them, parties "may neither consent to nor

waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Further, their reliance on § 1447(c) for a thirty-day period for a motion to remand ignores the text of the statute, which clearly provides: "A motion to remand the case ***on the basis of any defect other than lack of subject matter jurisdiction*** must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). And the statute's second sentence states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447 provides no basis for finding waiver or that this Court has jurisdiction over this removed case.

Similarly, the cases cited by Respondents address procedural defects, not jurisdictional defects. Unlike this case, *H & H Terminals* addressed the forum defendant rule, which a "majority of courts, including the United States Court of Appeals for the Fifth Circuit ('Fifth Circuit'), has determined [to be] procedural and not jurisdictional." *See* 634 F. Supp. 2d at 773. That case does not support Respondents' position on the facts of this case.

And through *In re Allstate*, the Fifth Circuit found a potentially defective jurisdictional fact, i.e., a failure to allege citizenship of one of the parties, to be a procedural defect because although the removing party "had failed to conclusively *demonstrate* diversity, the record discloses no dispute that it in fact *existed*." 8 F.3d at 221. The case now before the Court does not present a potentially defective jurisdictional fact. It instead provides conclusive facts which show that federal jurisdiction does not exist. Respondents concede that removal was on the basis of a federal counterclaim, not on any basis for federal jurisdiction from Plaintiff's state petition.

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). The Supreme "Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court."

3

*Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (citing *Mexican Nat'l R. Co. v. Davidson*, 157 U. S. 201, 208 (1895); *Tennessee v. Union & Planters' Bank*, 152 U. S. 454, 461 (1894)). Accordingly, the district courts "evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id*.

The removal in this case is not based on any federal claim within Plaintiff's state petition or on the basis of diversity jurisdiction. Respondents removed the case based only on an FLSA counterclaim asserted by Srinivasan. Section 1441(a) does not permit removal of a state action "based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id*. Although Plaintiff and the Third-Party Defendant rely on § 1441(c)(1)(A) for removal, the same analysis applied to § 1441(a) in *Home Depot* applies in the context of § 1441(c). *See Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1038 (11th Cir. 2020) (recognizing that *Home Depot* has the effect of abrogating binding Fifth Circuit precedent, *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980)). Although the Court addressed *Home Depot* and *Bowling* in its show cause order, Respondents made no effort to distinguish them or otherwise argue that the *Home Depot* analysis does not apply on the facts here.

The Fifth Circuit has recognized that § 1447(c) "precludes the existence of discretion in the district court to remand for procedural defects on its own motion." *See In re Allstate Ins. Co.*, 8 F.3d at 223. But in that case, the Fifth Circuit also specifically recognized that the second sentence of § 1447(c) "assigns to the court concern for its jurisdictional prerequisites." *Id*. *In re Allstate* specifically incorporates and accepts the following dictum from a prior case which states that "considering a motion to remand is both procedurally and substantively different from inquiring into the existence of subject matter jurisdiction. Procedurally, a court may consider remand only

4

if the parties raise the issue; conversely, a court must consider the existence of subject matter jurisdiction on its own motion." *Id*. (quoting *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 230 (5th Cir. 1990)).

Although removing on the basis of a counterclaim may qualify as a procedural defect under § 1441(a), this Court did not order Respondents to show cause because of the procedural defect per se. It instead ordered them to show cause as part of its independent obligation to assess whether federal jurisdiction exists in this case. Their response presents no basis for finding that this Court has jurisdiction over this removed case. Under the analysis presented in *Home Depot*, the record clearly reflects a lack of subject matter jurisdiction over the original petition filed by Plaintiff. Accordingly, under 28 U.S.C. § 1447(c), the Court **FINDS** that it lacks jurisdiction over this removed action and **REMANDS** the case to the 73rd Judicial District Court of Bexar County, Cause No. 2022-CI-00752.

When the Court finds a lack of jurisdiction and orders a removed case remanded to state court, it may appropriately find a pending motion to dismiss moot. *See Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 601-02 (W.D. Tex. 2020). The Court thus **MOOTS** *Defendant Supratim Srinivasan's Partial Motion to Dismiss Pursuant to [Fed. R. Civ. P.] 12(b)(6)* (ECF No. 3). Finding such a motion moot is without prejudice to the movant re-urging the motion in state court if warranted under the state procedural rules. By separate document, the Court will issue an order remanding this case.

**IT IS SO ORDERED** this 13th day of April 2022.

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**